**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYNNARD A. SMITH,

          Plaintiff - Appellant,

   v.

STEVEN G. DAVIS; et al.,

          Defendants - Appellees.

No. 09-15545

D.C. No. 3:07-cv-04089-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    Lynnard A. Smith, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We vacate and remand.

The district court concluded that Smith's June 5, 2005 grievance could not serve to exhaust administrative remedies with respect to his First Amendment retaliation claim because Smith did not properly present his retaliation claim until October 20, 2005, four months after his grievance was filed.  However, it appears that the handwritten pages signed June 5, 2005, appended to the grievance form and complaining that Davis's conduct was a "direct reprisal" against him, predated the October 20, 2005 allegations.  Thus, we are in doubt as to exhaustion. Accordingly, we vacate and remand for further proceedings to allow the district court to reexamine whether Smith properly exhausted his retaliation claim.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**